IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02382-LTB-KLM

PENNY HOFFERT,

        Plaintiff,

v.

DAVID R. POWELSON,
POWER WORLD, LLC,
B.W.L. HOLDINGS, LLC,
B.W.L. PARTNERSHIP, LLLP,
TRAIL RIDGE MARINA,
FIVESTAR MARINA, INC.,
FIVESTAR RENTALS,
GRAND LAKE MOTOR SPORTS,
PHLARE ORGANIZATION, LLC,
GEEZER CLUBS, LLC,
TRI-R LEASING, LLC,
TRI-R SYSTEMS CORPORATION,
TRI-R HOLDINGS, LLC,
COLORADO SPRINGS WASTE AND RECYCLING, LLC,
DATAGUARD USA, LLC,
ATTICUS, INC., and
TRM, LLC,

        Defendants.
_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

        This matter is before the Court pursuant to the **Order to Show Cause** [Docket No.

36] issued on November 11, 2011.  The Court ordered Plaintiff to show cause why it

"should not recommend that the case against Defendant Atticus, Inc. be dismissed

pursuant to Fed. R. Civ. P. 4(m) & 41(b)."  *Order to Show Cause* [#36] at 2.  Plaintiff was

directed to either (1) file proof of service on Defendant Atticus, Inc.; (2) respond in writing

with an explanation of good cause for her failure to properly serve Defendant Atticus, Inc.; or (3) provide a current address for Defendant Atticus, Inc. so as to allow the United States Marshal to effect service. *Id.* Plaintiff's deadline for compliance with the Order to Show Cause [#36] was December 9, 2011. To date, Plaintiff has neither filed a response nor informally contacted the Court in any manner.

Plaintiff filed this civil action on September 12, 2011 [#1]. The Amended Complaint [#8] was filed on October 14, 2011. By an Order [#17] dated November 2, 2011, the United States Marshal was directed to serve a copy of the Summons and Amended Complaint [#8] on all Defendants in the above-captioned matter. On November 14, 2011, the Summons was returned unexecuted as to Defendant Atticus, Inc. [#22]. The Return noted that "This business is no longer in existence. Whereabouts of owner [is] unknown, according to [Defendant] David Powelson." Thus, no forwarding address was provided for Defendant Atticus, Inc.

As the Court explained in its previous Order [#36], while Fed. R. Civ. P. 4(c) requires that the Court effect service of the Summons and Complaint for a plaintiff proceeding *in forma pauperis*, the plaintiff must provide sufficient information for the Court to do so. *See Hill v. Ortiz*, No. 07-cv-00571-LTB-CBS, 2008 WL 2020289, at *6 (D. Colo. May 9, 2008) (unpublished decision). The address provided by Plaintiff at the time of the Complaint's filing has not been sufficient to effect service on Defendant Atticus, Inc. Despite having ample time to provide additional information about Defendant Atticus, Inc.'s address, Plaintiff has not provided any information that the Court can use to effect service on Defendant Atticus, Inc.

Plaintiff's lawsuit was filed on September 12, 2011 [#1], and Plaintiff amended her

Complaint on October 14, 2011 [#8].  Although the United States Marshal was not directed to effect service until November 2, 2011, Plaintiff has not provided sufficient information to enable the Marshal to serve Defendant Atticus, Inc.  Moreover, Plaintiff failed to respond to the Order to Show Cause [#36].  At this stage, it is clear that Plaintiff cannot provide the necessary information to effect service on Defendant Atticus, Inc.

Although the Court may extend the time for a plaintiff to serve a defendant even without a showing of good cause, *Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir.1995), the Court is not inclined to do so here.  The case against Defendant Atticus, Inc. has been pending since September 2011.  Plaintiff failed to provide sufficient contact information for the Court to effect service on Defendant Atticus, Inc. and failed to provide good cause for the Court to find that an opportunity exists to cure the service deficiency in the future.  Further, Plaintiff was warned in advance that the penalty for the inability to serve or for failing to provide good cause for the service delay would be dismissal of the case against unserved Defendant Atticus, Inc.  *Order to Show Cause* [#36]; *see generally Raeth v. Bank One*, 05-cv-02644-WDM-BNB, 2008 WL 410596, at *3 & n.4 (D. Colo. Feb. 13, 2008) (unpublished decision).  Accordingly,

IT IS HEREBY **ORDERED** that the Order to Show Cause [#36] is made **ABSOLUTE**.

The Court respectfully **RECOMMENDS** that Defendant Atticus, Inc. be **DISMISSED without prejudice**, pursuant to Fed. R. Civ. P. 4(m).

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written

objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).   A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  December 19, 2011

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge