IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02382-LTB-KLM

PENNY HOFFERT,

    Plaintiff,
v.

DAVID R. POWELSON,
POWER WORLD, LLC,
B.W.L. HOLDINGS, LLC,
B.W.L. PARTNERSHIP, LLLP,
TRAIL RIDGE MARINA,
FIVESTAR MARINA, INC.,
FIVESTAR RENTALS,
GRAND LAKE MOTOR SPORTS,
PHLARE ORGANIZATION, LLC,
GEEZER CLUBS, LLC,
TRI-R LEASING, LLC,
TRI-R SYSTEMS CORPORATION,
TRI-R HOLDINGS, LLC,
COLORADO SPRINGS WASTE AND RECYCLING, LLC,
DATAGUARD USA, LLC, and
TRM, LLC,

    Defendants.
_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the **Order to Show Cause** [Docket No. 50]. The Court ordered Plaintiff to show cause as to " why this matter should be dismissed due to her failure to prosecute." *Order to Show Cause* [#50] at 2. Plaintiff's deadline for compliance with the Order to Show Cause was May 2, 2012. *Id.* To date, Plaintiff has neither filed a response nor informally contacted the Court in any manner.

1

Although Plaintiff is proceeding in this lawsuit without an attorney, she bears the responsibility of prosecuting her case with due diligence. The Court must liberally construe *pro se* filings; however, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

As noted in the Order to Show Cause, Defendants filed a Motion for Partial Dismissal of Claims on December 14, 2011 [#43]. Pursuant to D.C.COLO.LCivR 7.1C. and Fed. R. Civ. P. 6, Plaintiff's Response was due on or before February 10, 2012. To date, Plaintiff has not responded to the Motion for Partial Dismissal of Claims. Furthermore, Plaintiff filed no objection to the Recommendation issued December 19, 2011 [#46]. In fact, Plaintiff has not filed anything in connection with this case since returning the summonses on November 14, 2011. *See Summonses* [#18-#34]. Plaintiff's conduct indicates to the Court that she no longer intends to prosecute this lawsuit.

The Court warned Plaintiff in the Order to Show Cause that her failure to timely comply with the instruction to respond would result in a recommendation that this matter be dismissed due to Plaintiff's failure to prosecute. [#50] at 2. Given Plaintiff's failure to comply with the instruction stated in the April 17, 2012 Minute Order, the Court considers whether Plaintiff's case should be dismissed as a sanction pursuant to Fed. R. Civ. P. 41(b). *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting that Court has inherent authority to consider *sua sponte* whether a case should be involuntarily dismissed due to Plaintiff's failure to prosecute); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2369, at 576-77 & n.1 (3d ed. 2008).

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit enumerated the factors to be considered when evaluating grounds for dismissal of an action.[1]  The factors are:  "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.,* 167 F.R.D. 90, 101 (D. Colo. 1996).  "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921).

Here, it is clear that Plaintiff has no intention of seeking resolution of this matter on the merits.  Although service was effected on Defendants, who timely filed a motion to dismiss, Plaintiff did not timely respond to the motion.  More importantly, Plaintiff has disobeyed a direct order of the Court by failing to file a response to the Order to Show Cause regarding her intent to prosecute this case.  These facts coupled with her complete absence from the case since mid-November demonstrate that Plaintiff has abandoned her lawsuit, and the above-stated *Ehrenhaus* factors weigh in favor of dismissal without

---

[1] The Court notes that the standards for dismissal pursuant to Rule 37 and Rule 41(b) are essentially the same.  *Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994) ("[W]e see no principled distinction between sanctions imposed for discovery violations and sanctions imposed [pursuant to Rule 41(b), and] . . . involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.").

prejudice.[2] Accordingly,

IT IS HEREBY **ORDERED** that the Order to Show Cause [#50] is **MADE ABSOLUTE**. Thus,

IT IS HEREBY **RECOMMENDED** that Plaintiff's Amended Complaint [#8] be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(b) for Plaintiff's failure to prosecute.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: May 9, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

---

[2] Dismissal with prejudice "represents an extreme sanction appropriate only in cases of willful misconduct," and should be used "as a weapon of last, rather than first, resort." *Ehrenhaus*, 965 F.2d at 920; *see Butler v. Butierres*, 227 F. App'x 719, 720 (10th Cir. Feb. 2, 2007) (remanding dismissal with prejudice for determination of willfulness).